Rudy R. Perrino (SBN 190672)
rudy.perrino@kutakrock.com
Katherine E.B. Collins (SBN 342352)
katherine.collins@kutakrock.com
**KUTAK ROCK LLP**
777 South Figueroa Street
Suite 4550
Los Angeles, California  90017-5800
Telephone:   (213) 312-4000
Facsimile:    (213) 312-4001

Oliver D. Griffin (CO Bar No. 52262)
oliver.griffin@kutakrock.com
**KUTAK ROCK LLP**
1801 California Street, Suite 3000
Denver, CO 80202
Telephone:   (303) 297-2400
Facsimile:    (303) 292-7799

Attorneys for Plaintiff
SKY FINANCIAL AND INTELLIGENCE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKY FINANCIAL AND INTELLIGENCE, LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CLIQ, INC., a California Corporation,<br><br>Defendant. | Case No. 8:22-cv-1670<br><br>**PLAINTIFF SKY FINANCIAL AND INTELLIGENCE, LLC'S COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **RESTITUTION AND UNJUST ENRICHMENT**<br>3. **CONVERSION**<br>4. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

COMPLAINT

CASE NO. _____

4887-3414-8658.1

Plaintiff Sky Financial and Intelligence, LLC ("Sky" or "Plaintiff"), by and through its attorneys of record, submits the following for its Complaint against Cliq, Inc.:

## INTRODUCTION

1. On April 15, 2020, Sky and Cliq, Inc. ("CLIQ" or "Defendant") entered into an Acquiring Independent Contractor Agreement (the "Agreement").

2. Defendant CLIQ is an independent sales organization ("ISO") which enters into agreements with payment processors and sponsor banks under which the processors and banks pay CLIQ a percentage of all the transactions CLIQ's merchants submit for processing.

3. Under the Agreement, Sky was to act as independent contractor and market the services of CLIQ in an effort to expand CLIQ's business and procure merchants for CLIQ.

4. Pursuant to the Agreement, Sky was to receive commissions for the merchants it secured.

5. Incorporated into the Agreement by reference was "Schedule A" which detailed Sky's compensation arrangements. Pursuant to Schedule A, Sky was to be generally paid commissions in the amount of 75% over Sky's buy-rate for transactions CLIQ processed on behalf of merchants obtained by CLIQ through Sky's performance under the Agreement. Schedule A also set forth those specific buy-rates.

6. However, Defendant began unilaterally and arbitrarily lowering Plaintiff's commission rate with respect to several merchants, failed to pay Sky entirely for several merchants obtained by CLIQ through Sky's performance, and unilaterally and arbitrarily raised Sky's buy-rates on various categories of charges, including, but not limited to, transaction fees, gateway fees, interchange, and processing fees. In addition, CLIQ unilaterally added fees and charges not set forth on Schedule A.

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

- 2 -

CASE NO. _____

4887-3414-8658.1

7. CLIQ's residual reports incorrectly, and in contradiction to Schedule A, set forth Sky's buy-rates. Thus, Sky was overcharged each month since the execution of the Agreement.

8. Sky notified CLIQ of the foregoing errors via email and verbally, yet CLIQ has refused to pay Sky the amount it is owed under the Agreement, which has now accumulated to more than $1.4 million.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees and there is complete diversity between the Plaintiff and Defendant.

10. Defendant is subject to general and/or specific personal jurisdiction in this Court pursuant to Cal. Code Civ. Prop § 410.10 as they do substantial, continuous, and systematic business in the State of California. Further, Section 4(2) of the Agreement requires that any suit in relation to the Agreement be brought in this judicial district.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because CLIQ resides, for purposes of venue, in this district.

## THE PARTIES

12. Plaintiff Sky Financial and Intelligence, LLC is a limited liability company organized under the laws of the State of Wyoming, with its principal place of business at 1621 Central Avenue, Cheyenne, Wyoming 82001. Plaintiff's sole member is Kenneth Haller, a Nevada resident and citizen.

13. Upon information and belief, Defendant CLIQ, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 2900 Bristol Street, Building F, Costa Mesa, California 92626, and does substantial, continuous, and systematic business in the State of California and in this judicial district.

///

## FACTS COMMON TO ALL CLAIMS

14. CLIQ is an independent sales organization (ISO) and sells and provides credit and debit card processing services to and for merchants.

15. Sky is an independent contractor and entered into the Agreement on or about April 15, 2020, to provide services to assist CLIQ in obtaining new merchants with which to conduct business.

16. Pursuant to the Agreement and Schedule A, Sky was to be paid monthly commissions for its total portfolio activity of the previous month in the amount of 75% over its buy-rates.

17. Shortly after the parties executed the Agreement, Defendant began arbitrarily and unilaterally lowering Sky's commission rate on several accounts by significant amounts (upon information and belief, CLIQ arbitrarily lowered commissions from 75% to 65%, 50%, and 25% on certain accounts) and failed to pay Sky entirely for certain merchants. Further, there were errors on each residual report from the execution of the Agreement until present, resulting in CLIQ overcharging Sky for various buy-rates.

18. While Schedule A does grant CLIQ authority to lower Sky's commission rates under certain limited circumstances (such as when a merchant exceeds a chargeback rate of 1% or when a merchant enters a Card Association monitoring program), none of these circumstances are present with respect to the relevant unpaid commissions at issue in this dispute. Further, Sky was not given notice regarding the lowered commission rates.

19. Sky continuously and timely notified CLIQ of the errors in the monthly residual reports and the resulting deficiencies in its commissions and overcharges.

20. Despite Sky's numerous and persistent attempts to obtain its earned commissions, CLIQ still has not paid Sky the same.

21. To date, Sky has fully and faithfully performed its obligations under the Agreement.

22. The Agreement is still in effect and the merchants CLIQ obtained as a result of Sky's performance are still processing transactions.

23. Currently, CLIQ has failed to pay Sky $1,423,180.53 in earned commissions, with unpaid commissions and interest accumulating each month.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Breach of Contract

24. Plaintiff repeats and re-alleges every allegation in the preceding paragraphs as if set forth fully herein.

25. On or about April 15, 2020, Sky and CLIQ entered into the Agreement, which constitutes a valid, binding contract.

26. From in or around the time the parties executed the Agreement, CLIQ breached the Agreement as follows:

 a. Arbitrarily lowered Sky's commission rate from 75% as set forth in Schedule A of the Agreement to 65%, 50%, and even 25% for various merchants without proper cause as required by the Agreement and Schedule A, resulting in payments of commission below that to which the Agreement entitled Sky;

 b. Produced inaccurate residual reports which included buy-rates not reflective of Sky's Schedule A costs in an attempt to overcharge and underpay Sky for its services, including, but not limited to, transaction fees, gateway fees, interchange, processing fees, and costs and fees not permitted by Schedule A entirely, resulting again in payments of commissions below that to which the Agreement entitled Sky;

 c. Failed to pay Sky entirely for certain merchants procured by Sky; and

 d. Refused to remedy its deficient commission payments to Sky even after Sky provided timely, written and verbal notice of such deficiencies.

27. In addition, under the Agreement, Sky is entitled to be indemnified for its costs and attorneys' fees as a result of Defendant's failure to perform under the Agreement and is also entitled to its attorneys' fees under Section Four, subsection One of the Agreement.

28. Plaintiff has performed each and all of its obligations under the Agreement and in relation to the unpaid commissions at issue.

29. As a direct and proximate result of CLIQ's breaches of the Agreement, Sky has been damaged in an amount in excess of $1,423,180.53, plus its costs and attorneys' fees.

## SECOND CAUSE OF ACTION
### Restitution and Unjust Enrichment

30. Plaintiff repeats and re-alleges every allegation in the preceding paragraphs as if set forth fully herein.

31. Defendant has wrongfully received and/or retained compensation owing to Sky in at least the following ways:

    a. CLIQ wrongfully and arbitrarily overcharged Sky buy-rates and lowered Sky's commission rates, and, as a result, has retained commission proceeds that belong to Sky;

    b. CLIQ has failed to pay Sky the correct amount of money owed to it in the form of commissions as a result of CLIQ's erroneous residual reports; and

    c. CLIQ has failed to pay Sky any amounts for certain merchants that CLIQ obtained through Sky's performance under the Agreement.

32. As a direct and proximate result of Defendant's misconduct, it has been unjustly enriched at the expense of Sky in an amount exceeding $1,423,180.53, an amount which grows monthly as a result of CLIQ's continuing course of conduct.

33. Defendant must disgorge and/or make restitution for all those commissions described above without limitation and pay or relinquish the same to

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

- 6 -

CASE NO. _____

4887-3414-8658.1

Plaintiff according to proof at time of trial.

## THIRD CAUSE OF ACTION

### Conversion

34. Plaintiff repeats and re-alleges every allegation in the preceding paragraphs as if set forth fully herein.

35. Pursuant to the Agreement and Schedule A, Sky has the unfettered and immediate right to the commissions currently withheld by CLIQ but owed to Sky.

36. CLIQ has wrongfully converted those commissions for its own use and benefit by scheming to lower Sky's commission rates without notice or explanation, increase Sky's buy-rates, and refuse to remit to Sky its earned commissions to which Sky is plainly entitled.

37. CLIQ's conduct constitutes conversion because Sky has an immediate right to possession of the commissions being withheld, CLIQ has wrongfully retained the commissions without justification or excuse and Sky has suffered damages as a result.

38. As a direct and proximate result of CLIQ's refusal to pay the commissions that rightfully belong to Sky, Sky has been damaged in an amount exceeding $1,423,180.53.

## FOURTH CAUSE OF ACTION

### Breach of Covenant of Good Faith and Fair Dealing

39. Plaintiff repeats and re-alleges every allegation in the preceding paragraphs as if set forth fully herein

40. On or about April 15, 2020, Sky and CLIQ entered into the Agreement.

41. California law implies in every contract a covenant of good faith and fair dealing. The Agreement thus contains an implied covenant requiring that neither party do anything to deprive the other of the benefits of their agreement.

42. CLIQ breached the covenant of good faith and fair dealing by, among other things, misrepresenting that Sky's commission rate would be 75% when, in

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

- 7 -

CASE NO. _____

4887-3414-8658.1

reality, it unilaterally began lowering that commission rate without notice or cause, overcharging Sky buy-rates contrary to the Agreement and Schedule A, failing to pay Sky commissions on certain merchants obtained by CLIQ through Sky's performance under the Agreement, fabricating erroneous residual reports in an attempt to overcharge and undercompensate Sky, refusing to correct its deficient payments to Sky even after Sky provided CLIQ timely and adequate notice of the errors in the residual reports, and attempting to unilaterally alter the terms of the Agreement and Schedule A by charging for costs not set forth in the Agreement or Schedule A.

43. As a direct and proximate result of CLIQ's wrongful conduct, Plaintiff has and continues to be damaged from the unlawful actions of CLIQ.

## **DEMAND FOR TRIAL BY JURY**

44. Plaintiff hereby respectfully demands a trial by jury for all claims so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in its favor and the following relief:

(i) Damages on its First Cause of Action, in an amount to be proven at trial, plus costs, attorneys' fees, and all other amounts due and owing under the Agreement, all of which continue to accrue;

(ii) Damages on its Second Cause of Action, in an amount to be proven at trial, plus interest, costs, attorneys' fees, and all other amounts due and owing under the Agreement, all of which continue to accrue;

(iii) Damages on its Third Cause of Action, in an amount to be proven at trial, costs, attorneys' fees, and all other amounts due and owing under the Agreement, all of which continue to accrue; and

/ / /

/ / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

- 8 -

CASE NO. _____

4887-3414-8658.1

1      (iv)    Damages on its Fourth Cause of Action, in an amount to be proven at
2 trial, plus costs, attorneys' fees, and all other amounts due and owing under the
3 Agreement, all of which continue to accrue.

4     (v)    For such other and further relief as this Court deems just and proper.

6 Dated:    September 9, 2022    KUTAK ROCK LLP

By: *Rudy R. Perrino* (signature)

Rudy R. Perrino
Katherine E.B. Collins
Attorneys for Plaintiff
SKY FINANCIAL
AND INTELLIGENCE,
LLC

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

- 9 -

CASE NO. _____

4887-3414-8658.1