1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9               **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| SKY FINANCIAL AND INTELLIGENCE, LLC, a limited liability company,<br><br>           Plaintiff,<br><br>      vs.<br><br>CLIQ, INC., a California Corporation,<br><br>           Defendant. | Case No: 8:22-cv-1670-ADS<br><br>Magistrate Judge: Autumn D. Spaeth<br>Ctrm. 6B<br><br>**JOINT WITNESS LIST** |

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

| Joint Witness List | | | | | |
|---|---|---|---|---|---|
| Case Name: Sky Financial and Intelligence, LLC, v. Cliq, Inc. | | | | | |
| Case Number: 8:22-cv-1670-ADS | | | | | |
| No. | Witness Name | Party Calling Witness; Estimate | Other Examiner's Estimate | Description of Testimony | Comments |
| 1 | Haller, Ken; c/o Plaintiff's counsel of record | Plaintiff, 4 hours | Defendant anticipates needing 6 hours cumulatively for its direct, cross, redirect, and recross of this witness, although Defendant reserves the right to request additional examination time if Plaintiff's examination of this witness exceeds the scope, and/or other similar circumstances arise. | The parties' negotiations, performance under the agreements; and damages. | |

| 2 | Phillips, Andy; c/o Defendant's counsel of record | Plaintiff, 3 hours | Defendant anticipates needing 4 hours cumulatively for its direct, cross, redirect, and recross of this witness, although Defendant reserves the right to request additional examination time if Plaintiff's examination of this witness exceeds the scope, and/or other similar circumstances arise. | The parties' negotiations and performance under the agreements. | |

| | | | | | |
|---|---|---|---|---|---|
| 3 | Phillips, Andy; c/o Defendant's counsel of record. | Defendant anticipates needing 4 hours cumulatively for its direct, cross, redirect, and recross of this witness, although Defendant reserves the right to request additional examination time if Plaintiff's examination of this witness exceeds the scope, and/or other similar circumstances arise. | Plaintiff, 45 min | The parties' negotiations; performance under the agreements; and Ken Haller's breaches under the agreements. | |

| | | | | |
|---|---|---|---|---|
| 4 | Haller, Kenneth; c/o Plaintiff's counsel of record. | Defendant anticipates needing 6 hours cumulatively for its direct, cross, redirect, and recross of this witness, although Defendant reserves the right to request additional examination time if Plaintiff's examination of this witness exceeds the scope, and/or other similar circumstances arise. | Plaintiff, 45 min | The parties' negotiations; performance under the agreements; and Ken Haller's breaches under the agreements. |

| | | | | | |
|---|---|---|---|---|---|
| 5 | Designee pursuant to FRCP 30(b)(6) for XY Labs, by deposition testimony; Information is equally available to Plaintiff. | Defendant; 1 hour | Plaintiff, 30 min | Deposition Transcript dated 01.24.2025: 5:13 to 7:14, 11:24 to 12:6, 12:14 to 13:17, 13:20 to 15:8, 15:19 to 16:5, 16:18 to 17:4, 17:9 to 17:14, 17:21 to 20:8, 21:11 to 27:9, 27:15 to 29:22, 30:1 to 49:3, 49:9 to 52:17, 53:11 to 57:5, 57:13 to 62:20, 63:1 to 66:25, 67:9 to 70:14, 71:4 to 71:8, 71:16 to 72:14, 72:24 to 75:6, 75:16 to 75:18, 76:1 to 97:19, 98:5 to 98:14, 98:18 to 108:1, 108:11 to 112:7, 112:13 to 118:19, 119:3 to 127:7, 127:13 to 140:3, 140:11 to 142:11, 145:5 to 145:8.<br><br>The parties' performance and breaches under the agreement; XY Labs, Inc.'s business; Mr. Levin's and XY Labs, Inc.'s business relationship with Sky Financial, Ken Haller, and Cliq; XY Labs, Inc.'s business and the information related thereto with respect to its merchant processing application for a | |

| | | | | merchant account with Cliq; Mr. Levin's testimony related to the exhibits marked and referenced during his deposition. | |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| 6 | ***<br>Crisler, Makaio, by deposition testimony; Information is equally available to Plaintiff. | Plaintiff, 2h<br><br>Defendant; 1 hour | Plaintiff, 30 min<br><br>Defendant; 30 min | **Plaintiff:** Will testify via Deposition Designation pursuant to Rule 32(a)(3) and/or 32(a)(4).<br><br>Deposition Transcript dated 08.07.2024:<br><br>Tr. 34:3-12 (Chrisler assumed Phillips to be involved with the merchants sent to Cliq because he owns the company);<br><br>Tr. 34:16 – 36:1 (Crisler had phone conversations and exchanged emails with Andy Phillips, but he asserted the Fifth Amendment when asked about the content of these communications regarding merchants sent to Cliq);<br><br>Tr. 36:5 – 37:9, | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | 37:11-37:15, 37:19-37:22 (Crisler asserted the Fifth Amendment when asked if Phillips advised him on strategies for obfuscating the nature of merchants sent to Cliq or about engaging in friendly transactions);<br><br>Tr. 38:1-17 (Crisler asserted the Fifth Amendment when questioned about whether Phillips encouraged him to establish merchant IDs without Ken Haller's knowledge);<br><br>Tr. 39:11-40:21(Crisler also asserted the Fifth Amendment when questioned about whether Phillips encouraged him to open more than 20 | |

| | | | | | |
|---|---|---|---|---|---|
| 1 | | | | merchant IDs that Haller was not aware of; since the indictment, Crisler has spoken with Phillips, who provided moral support, but Crisler asserted the Fifth Amendment when asked if Phillips raised concerns about friendly transactions due to the indictment; Crisler was not aware of any willful violations by Phillips of any FTC or other administrative orders). | |

**Defendant:**
Deposition Transcript dated 08.07.2024: 5:18 to 6-5, 6:8 to 8:8, 8:14 to 8:20, 8:23 to 9:5, 9:8 to 18:19, 18:24 to 19:4, 19:23 to 25:24, 26:2 to 33:4, 34:13 to 34:15, 36:2 to 36:4, 37:10, 37:16 to 37:18, 37:23 to 37:24,

| | | | | The parties' performance under the agreements; Mr. Crisler's business relationship with Ken Haller, and his business relationship with, and knowledge with respect to, Andy Phillips and Cliq; merchants Mr. Crisler sent to Cliq; Mr. Crisler's testimony related to the exhibits marked and referenced during his deposition (including testimony related to merchants submitted to Cliq, the indictment against Mr. Crisler). | |
|---|---|---|---|---|---|

JOINT WITNESS LIST

| 7 | Spencer, Adam; 4742 N. 24th Street, Suite #300, Phoenix, AZ 85016, (877) 929-9449. | Defendant; 2 hours | Objection | Ken Haller's breaches under the agreement. | *Plaintiff reserves the right to object to this late identification of witness along with any documents not produced in discovery, and to file a motion in limine.<br><br>**To the extent that this witness is offered to provide expert testimony, Plaintiff reserves the right to object to and exclude this expert witness based on defendant's failure to timely designate and serve expert report. |

| | | | | | |
|---|---|---|---|---|---|
| 8 | Golshan, Troy; c/o Defendant's counsel of record. | Defendant; 2 hours | Objection | Authentication of CRM note business records and testimony regarding his contemporaneous review of those records in relation to the parties' performance. | *Plaintiff reserves the right to object to this late identification of witness along with any documents not produced in discovery, and to file a motion in limine. |
| 9 | Bergmark, Brian; Stout, 3390 Carmel Mountain Road, Suite 150, San Diego, CA 92121, (858) 509-7545. | Defendant; 2 hours | Plaintiff, 2 hours | Expert Witness Testimony based on the Expert Report of Brian J. Bergmark, MBA, CPA, ABV, ASA dated April 24, 2024, and Defendant Cliq, Inc.'s Expert Disclosure Pursuant to Fed. R. Civ. P 26. | |

JOINT WITNESS LIST

| 10 | ***<br>Levin, Markus; 2945 Granada Avenue, San Diego, CA 92104-4935; 760-681-7732 | Plaintiff, 1.5 hours | Defendant, 1 hour | Will testify via Deposition Designation pursuant to Rule 32(a)(3) and/or 32(a)(4).<br><br>**Deposition Transcript dated 01.24.2025:**<br>Tr. 143:7 – 22 (Levin confirmed that he worked with Haller, who helped in obtaining payment processing accounts. He acknowledged that Haller did good work in securing these accounts. Levin stated that he had no complaints about the payment processing accounts obtained by Haller.)<br><br>Tr. 144:3 - 10 (Levin acknowledged that he was aware of the termination of XY Labs, Inc.'s merchant account after the lawsuit commenced. He was asked if Cliq had a good faith basis for terminating the entity, to which he responded that he did not know.) | Defendant objects to Plaintiff presenting this witness's testimony by deposition, to the extent Plaintiff seeks to do so via the transcript of the deposition taken on January 24, 2025, and to the extent Plaintiff seeks to present this witness's testimony in his individual capacity, since the subject matter of the January 24, 2025, transcript consists entirely of this witness's testimony in his capacity as the representative of XY Labs, Inc. pursuant to FRCP 30(b)(6). Defendant reserves the |

| | | | | | right to file a motion in limine related thereto. |
|---|---|---|---|---|---|

***Indicates that witness will be called only if the need arises.

Dated: September 8, 2025      **GRIFFIN PARTNERS LLP**

**HEATH STEINBECK LLP**


By: _/s/  Peter N. Kessler_

     Peter N. Kessler
     Steven A. Heath
     Uyen N. Nguyen

     Attorney for Plaintiff
     Sky Financial and Intelligence, LLC


Dated:  September 8, 2025      **GLOBAL LEGAL LAW FIRM**


By:  _/s/ Joshua J. Herndon_

     James C. Huber
     Joshua J. Herndon
     Attorneys for Defendant,
     CLIQ, INC.

JOINT WITNESS LIST