UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-01670 ADS                                          Date: September 22, 2025

Title: *Sky Financial and Intelligence, LLC v. Cliq, Inc.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER REGARDING MOTIONS IN LIMINE (Dkt. Nos. 57, 58, 59, 61, 63, 64)**

### I. INTRODUCTION

Before the Court are Motion in Limine Nos. 1, 2, 3, 4, 6 and 7 filed by Defendant Cliq, Inc. ("Cliq").[1] The Motions are fully briefed. Based on the state of the record, as applied to the law, some Motions are denied, and some Motions are granted.

### II. LEGAL STANDARDS

**A. Motions in Limine**

Motions in limine are vehicles by which a court may exclude inadmissible or prejudicial evidence before it is "actually offered." See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible." United States v. Lewis, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (cleaned up); Jackson v. Cnty. of San Bernardino, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) ("Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored."). "The 'failure to specify the evidence' that a motion in limine 'seek[s] to exclude constitutes a

---

[1] Defendant Cliq withdrew Motion in Limine Nos. 5, 8, and 9. (Dkt. No. 128.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-01670 ADS                                          Date: September 22, 2025

Title: *Sky Financial and Intelligence, LLC v. Cliq, Inc.*

sufficient basis upon which to deny th[e] motion.'" Lewis, 493 F. Supp. 3d at 861 (alterations in original) (quoting Bullard v. Wastequip Mfg. Co. LLC, 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015)).

A ruling on a motion in limine is a preliminary opinion within the discretion of the district court. City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1070 (9th Cir. 2017). Because "testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling," a "district court may change its ruling at trial." Id. (citations and internal quotation marks omitted); Ohler v. United States, 529 U.S. 753, 758 n.3 (2000); see also Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing . . . prohibits the court from revisiting its decision when the evidence is to be offered.").

### B. Relevant Federal Rules of Civil Procedure

Federal Rule of Civil Procedure Rule 37 provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

### C. Relevant Federal Rules of Evidence

Federal Rule of Evidence 615 provides that upon a party's request, the court "must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615(a). Where a party is not a natural person, this exclusion does not apply to the party's designated representative. Fed. R. Evid. 615(a)(2). The court may also prohibit excluded witnesses from receiving or accessing trial testimony. Fed. R. Evid. 615(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-01670 ADS                                                                  Date:  September 22, 2025

Title:  *Sky Financial and Intelligence, LLC v. Cliq, Inc.*

  Federal Rule of Evidence 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.  Fed. R. Evid. 402.  Evidence is "relevant" if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action."  Fed. R. Evid. 401. "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Federal Rule of Evidence 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

### III.  DISCUSSION

#### A.  Motion in Limine No. 1

  Defendant Cliq seeks an order precluding Plaintiff from introducing any testimony, opinions, or other evidence from any expert on its behalf.  (Dkt. No. 57.)  Plaintiff did not oppose the Motion.

  Defendant argues that Plaintiff failed to disclose any experts or rebuttal experts by the disclosure deadline.  (*Id.* at 6-7.)  Defendant argues it is unfair and prejudicial to allow Plaintiff to present any testimony, opinion, or other evidence from an expert after failing to timely designate an expert or rebuttal expert.  (*Id.*)  Plaintiff did not oppose the Motion and has not identified any testimony, opinions, or other evidence from any expert it intends to offer at trial.  (Dkt. Nos. 119, 120, 125.)  Motion in Limine No. 1 is denied as moot.

#### B.  Motion in Limine No. 2

  Defendant Cliq seeks an order limiting Plaintiff's trial witnesses to those listed in its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  (Dkt. No. 58.)  Plaintiff opposes the Motion.  (Dkt. No. 72.)  Defendant filed a Reply in support of the Motion.  (Dkt. No. 80.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-01670 ADS                                                                    Date:  September 22, 2025

Title:  *Sky Financial and Intelligence, LLC v. Cliq, Inc.*

    Defendant argues Plaintiff should not be allowed to present any witness it did not include in its initial disclosures.  (Dkt. No. 58 at 8.)  Defendant argues allowing Plaintiff to call witnesses not included in its initial disclosures would be highly prejudicial because Defendant will not have the opportunity to depose them.  (Id.)  In response, Plaintiff argues the Motion is premature because it was filed prior to the close of discovery.  (Dkt. No. 72 at 2.)  In reply, Defendant repeats that if additional witnesses are identified throughout discovery, it will not be able to depose all witnesses by the discovery cut-off.  (Dkt. No. 80 at 2-3.)

    The Court agrees with Plaintiff.  Initial disclosures do not equate to a final witness list.  Motion in Limine No. 2 is denied.

### C.  Motion in Limine No. 3

    Defendant Cliq seeks an order precluding Plaintiff from introducing any documentary evidence related to damages.  (Dkt. No. 59, 60.)  Alternatively, Defendant seeks an order precluding Plaintiff from introducing any documentary evidence related to damages except those it produced in its first or second production of documents.  (Id.)  Plaintiff opposes the Motion.  (Dkt. No. 73.)  Defendant filed a Reply in support of the Motion.  (Dkt. No. 81.)

    Defendant argues Plaintiff's document productions related to damages were deficient.  (Dkt. No. 59 at 15-16.)  Specifically, Defendant argues Plaintiff did not timely (1) confirm whether it produced every responsive document in its possession, custody, or control; (2) identify which documents in its first and second production were responsive the RFP No. 13; or (3) confirm it produced all source documentation underlying SKY-000050.  (Id. at 16.)  Defendant argues any documents related to damages should be excluded as a discovery sanction under Federal Rule of Civil Procedure 37(c)(1).  (Id.)  Alternatively, Defendant argues any documents not included in Plaintiff's first or second production should be excluded.  (Id. at 16-17.)

    In response, Plaintiff argues the Motion is premature and improper.  (Dkt. No. 73.)  Plaintiff argues discovery was still open and scheduled depositions were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-01670 ADS                                                                 Date: September 22, 2025

Title: *Sky Financial and Intelligence, LLC v. Cliq, Inc.*

anticipated to uncover evidence respecting damages. (Id. at 2-3.) In reply, Defendant clarifies it is only seeking to exclude documentary evidence. (Dkt. No. 81 at 3.)

Defendant fails to provide sufficient information to determine what documents it seeks to exclude and if such documents were requested and produced before the discovery cut-off. Motion in Limine No. 3 is denied with leave to object at trial.

### D. Motion in Limine No. 4

Defendant Cliq seeks an order sequestering non-party witnesses from the courtroom during other witnesses' testimony and prohibiting non-party witnesses from receiving or accessing other witnesses' testimony. (Dkt. No. 61.) Plaintiff asks the Court to grant the Motion with one modification. (Dkt. No. 74.) Defendant filed a Reply in support of the Motion. (Dkt. No. 82.)

Defendant argues the Court must order non-party witnesses be excluded from the courtroom during other witnesses' testimony pursuant to Federal Rule of Evidence 615(a). (Dkt. No. 61 at 6.) Defendant further argues the Court should exercise its discretion to prohibit non-party witnesses from receiving or accessing other witnesses' testimony to ensure candid testimony. (Id.) Plaintiff asks the Court to grant the Motion. (Dkt. No. 74 at 2.) However, Plaintiff asks its party representative be permitted to stay in the courtroom. (Id.) In reply, Defendant clarifies it is not seeking an order excluding party representatives from the courtroom. (Dkt. No. 82.)

Motion in Limine No. 4 is granted. All non-party witnesses will be excluded from the courtroom during other witnesses' testimony and will be prohibited from receiving or accessing other witnesses' testimony.

### E. Motion in Limine No. 6

Defendant Cliq seeks an order excluding from trial any evidence relating to a 2014 Federal Trade Commission action (the "FTC Action") against Cliq. (Dkt. No. 63.) Plaintiff opposes the Motion. (Dkt. No. 76). Defendant filed a Reply in support of the Motion. (Dkt. No. 84.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-01670 ADS                                                        Date: September 22, 2025

Title: *Sky Financial and Intelligence, LLC v. Cliq, Inc.*

    Defendant argues that the FTC Action and its material allegations, causes of action, denials, affirmative defenses, counterclaims, crossclaims, pleadings, motions, orders, judgments, and/or proffered settlements are irrelevant to this action. Defendant claims the FTC Action shares no commonality with the claims for unpaid commissions at issue here because the FTC Action purportedly contained allegations regarding boarding high risk or restricted merchants. (Dkt. No. 63 at 6.) According to Defendant, inclusion of evidence related to the FTC Action would unduly prejudice Defendant, waste time, confuse the issues, and mislead the jury. (Dkt. No. 63 at 7.)

    In response, Plaintiff argues that the FTC Action is relevant because it shows Defendant's motivation for breaching the contract and Defendant's untrustworthiness. (Dkt. No. 76 at 3.) In its Reply, Defendant asserts that motive evidence is irrelevant to this breach of contract action. (Dkt. No. 84 at 3.) Further, Defendant argues the FTC Action does not show that Cliq is untrustworthy because the FTC Action was settled without any finding of Cliq's culpability. (Id.)

    The Court finds that evidence relating to the FTC Action is irrelevant. See Fed. R. Evid. 401. Because the FTC Action evidence is irrelevant, it is inadmissible. See Fed. R. Evid. 402. Motion in Limine No. 6 is granted.

**F. Motion in Limine No. 7**

    Defendant Cliq seeks an order excluding from trial any evidence relating to a legal action involving Andy Phillips, Cliq's President and CEO, and John Blaugrund, Cliq's Chief Technology & Security Officer (the "TransFirst Case"). (Dkt. No. 64.) Plaintiff opposes the Motion. (Dkt. No. 77). Defendant filed a Reply in support of the Motion. (Dkt. No. 85.)

    Defendant states that in the TransFirst Case involves claims against Mr. Phillips and other defendants for alleged RICO violations, breach of fiduciary duty, fraud, and breach of contract. (Dkt. No. 64 at 5.) Cliq was not a party to the case and did not exist at the time. (Id.) The TransFirst Case was finally adjudicated in 2013 by a Third Amended Final Judgment. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-01670 ADS                                        Date: September 22, 2025

Title: *Sky Financial and Intelligence, LLC v. Cliq, Inc.*

    Defendant argues the TransFirst Case are irrelevant to this action because the TransFirst Case involved different claims, raised by different parties, under different circumstances from those at issue here. (Id. at 6.) Defendant maintains that Plaintiff's claims here are distinct from the claims in the TransFirst Case and no finding of liability or damages was entered against Mr. Phillips. (Id.) According to Defendant, inclusion of evidence related to the TransFirst Case would unduly prejudice Defendant, waste time, confuse the issues, and mislead the jury. (Id. at 7.)

    In response, Plaintiff argues the TransFirst Case is relevant because it shows Defendant's motivation for breaching the contract. (Dkt. No. 77 at 8.) Plaintiff contends the evidence would be probative of Defendant's untrustworthiness because the TransFirst Case shows that Defendant's owner/operators committed fraud. In its Reply, Defendant asserts that motive evidence is irrelevant to this breach of contract action and is not provided by the TransFirst Case. (Dkt. No. 85 at 2.) According to Defendant, the TransFirst Case does not show that Cliq is untrustworthy because Cliq was not a party to the TransFirst Case and the Third Amended Judgment made no finding of liability or damages against Andy Phillips, Cliq's CEO. (Dkt. No. 85 at 3; Ex. 1, Third Amended Judgment.)

    The Court finds that any probative value of the evidence is substantially outweighed by the danger of confusing the issues and misleading the jury. See Fed. R. Evid. 403. Motion in Limine No. 7 is granted.

**IV.   CONCLUSION**

    For these reasons, Motion in Limine Nos. 1, 2, and 3 are denied, and Motion in Limine Nos. 4, 6, and 7 are granted.

    **IT IS SO ORDERED.**

Initials of Clerk kh