**GLOBAL LEGAL LAW FIRM**
James C. Huber, Esq. (SBN 269488)
jhuber@attorneygl.com
Joshua J. Herndon (SBN 244106)
jherndon@attorneygl.com
322 Encinitas Blvd., Suite 200
Encinitas, CA 92024
Telephone: (888) 846-8901
Facsimile: (888) 846-8902

Attorneys for Defendant, CLIQ, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKY FINANCIAL AND INTELLIGENCE, LLC, a limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CLIQ, INC., a California Corporation,<br><br>Defendant. | Case No: 8:22-cv-1670-ADS<br><br>Magistrate Judge: Autumn D. Spaeth Ctrm. 6B<br><br>**NOTICE OF MOTION AND MOTION FOR RULE 16 AND 37 SANCTIONS AGAINST PLAINTIFF SKY FINANCIAL INTELLIGENCE LLC AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint filed: 9/12/2022<br>Trial: 12/2/2025 |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on Monday, March 30, 2026 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6B of this Court, located at 411 W. Fourth Street, Santa Ana, California 92701, Defendant Cliq, Inc. ("Cliq"), pursuant to the Federal Rules of Civil Procedure 16 and 37, as well as the local rules of this Court, respectfully submits this motion for sanctions ("Motion") against Plaintiff Sky Financial and Intelligence, LLC ("Sky" and with Cliq, collectively, the "Parties") and its Counsel Oliver D. Griffin, jointly and severally, for their repeated failures to mediate, for their repeated failure to comply with Sky's discovery obligations, and for

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

Sky's failure to attend Court-ordered settlement conference in this case.

Dated:  March 27, 2026              **GLOBAL LEGAL LAW FIRM**


                                    By:   */s/ Joshua J. Herndon*
                                          James C. Huber
                                          Joshua J. Herndon
                                          Attorneys for Defendant,
                                          CLIQ, INC.

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

2

## **TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ...................................................................................2

II.   PROCEDURAL HISTORY INDICATING A PATTERN OF BAD FAITH CONDUCT.................................................................................2

A. Sky's Failure to Mediate Has Caused Great Expense to Cliq .............2

   1.  Sky unilaterally cancelled the First Mediation ..........................2

   2.  Sky unilaterally cancelled the Second Mediation .....................3

   3.  Sky unilaterally cancelled the Third Mediation ........................3

   4.  Sky has succeeded in preventing the Parties from mediation ....4

   5.  Sky's vexatious litigation strategy has consumed this Court's resources and Cliq's resources ....................................4

B. Sky's Obstinance in Producing the Person Most Knowledgeable (PMK) Has Caused Great Expense to Cliq ........................................5

C. Sky Failure to Comply with Written Discovery Obligations Has Caused Great Expense to Cliq ....................................................6

   1.  Sky's vexatious litigation strategy with respect to requests for production of documents caused Cliq to expend unnecessary resources ..................................................................6

   2.  This Court granted Cliq's motion to compel further responses to its requests for production, with respect to compelling further responses from Sky ........................................9

   3.  Sky's failure to meet and confer in good faith is indicative of a broader patten of disrespect to this Court, judicial proceedings, and Cliq's resources................................................9

D. Sky's Most Recent Violation: Sky Fails to Appear for Mandatory Settlement Conference Because It Has "Prior Work Commitments." .........................................................9

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

i
TABLE OF CONTENTS

III.    LEGAL AUTHORITY ...................................................................12

    A.  U.S. Statute...................................................................................12

    B. Fed. R. Civ. Proc..........................................................................13

    C. 9th Circuit Caselaw ......................................................................14

    D. United States District Court for the Central

        District of California.................................................................14

    E. Local Rules ...................................................................................15

    F. Caselaw Re Terminating Sanctions ...............................................15

        1. The first two dismissal factors ..............................................15

        2. Prejudice to defendant ........................................................16

        3. Consideration of less drastic alternatives................................16

IV.    ARGUMENT ...........................................................................16

A. Attorneys' Fees ...............................................................................16

B. Re Failure to Appear at Settlement Conference .................................16

C. Re Pattern of Bad Faith Conduct.....................................................17

V.    PRAYER FOR RELIEF ..............................................................18

GLOBAL LEGAL LAW FIRM

322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

## **TABLE OF AUTHORITIES**

**Cases**

*Ayers v. City of Richmond*, 895 F.2d 1267 ................................................................13

*Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015 ...................................................13

L.R. 83-8.1 ..................................................................................................................14

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762 ..............13, 16

*Malone v. U.S. Postal Serv.*, 833 F.2d 128 .........................................................14, 15

NINE STARS GROUP (U.S.A.) INC., Plaintiff, v. FACTORY DIRECT WHOLESALE, LLC, et al., Defendant., 2020 WL 2316197 .......................13

*United States v. National Medical Enterprises, Inc.*, 792 F.2d 906 ........................15

**Statutes**

Fed. R. Civ. P. 16.................................................................................................12, 13

Fed. R. Civ. P. 16(f)......................................................................................12, 13, 16

Fed. R. Civ. P.  26(f)..................................................................................................12

Fed. R. Civ. P. 30(b)(6) ......................................................................................4, 5, 12

Fed. R. Civ. P. 31(a)(4)..............................................................................................12

Fed. R. Civ. P. 35.......................................................................................................12

Fed. R. Civ. P. 37(a) ..................................................................................................12

Fed. R. Civ. P. 37(b)(2) .............................................................................................13

Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii) ...................................................................11, 12

Fed. R. Civ. P. 45..................................................................................................4, 5

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Sky considers mediation and settlement conferences optional and a "waste of time and resources," as detailed below.

Sky preferred and elected to use the date of the Settlement Conference "for trial prep instead of a mediation," as detailed below.

**II.     PROCEDURAL HISTORY INDICATING A PATTERN OF BAD FAITH CONDUCT**

    **A.      Sky's Failure to Mediate Has Caused Great Expense to Cliq.**

        1.      Sky unilaterally cancelled the First Mediation.

On October 20, 2023, this Court ordered mediation by June 20, 2024. (*See* Doc. 42.)

In March 2024, the Parties commenced meeting and conferring regarding the scheduling of mediation. As a result of those meet and confer efforts, mediation was scheduled for April 15, 2024, with Doug Glass, Esq. of Signature Resolution (the "First Mediation"). (*See* Declaration of Joshua J. Herndon (the "Herndon Decl.") at ¶ 2.)

On April 12, 2024, Sky unilaterally cancelled the First Mediation, without providing notice to Cliq. (*See* Herndon Decl. at ¶ 3, and **Exhibit A** attached thereto.)

On April 13, 2024, at 8:24 AM local time, Counsel for Cliq wrote to the Mediator's Case Administrator: "We did not hear about the cancellation until you did. We would prefer that the mediation go forward. Because Mr. Griffin unilaterally cancelled this, we request that he be responsible for cancellation fees and that Cliq's deposit be refunded ASAP." (*See* Herndon Decl. at ¶ 4, and **Exhibit B** attached thereto.)

On April 13, 2024, at 1:14 PM local time, Counsel for Sky wrote to the Mediator's Case administrator.

Foremost, we need to speak with opposing counsel further regarding parameters of the mediation.

1

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

Since Mr. Glass was chosen by counsel and the current date was selected, and for multiple weeks now, we have been working with counsel on certain agreed upon settlement parameters. On Friday (4/12), one business day before the scheduled mediation, opposing counsel transmitted a "settlement offer" that indicated the good faith/sane parameters were not being honored, and that Monday (4/15) was lining up to be a waste of resources (including mediator resources), especially for out-of-town participants. Therefore, we submit that not attending a mediation that is specifically designed to fail by the actions of one party puts the termination definition at issue.

As such, we will seek to confer with opposing counsel (who needs to answer the phone when I call) to get the discussions back on track within the reasonable settlement parameters, so that mediation will not be a waste of time and resources, and will let you know the result of same in short order.

(*See* Herndon Decl. at ¶ 5, and **Exhibit B** attached thereto.)

On May 1, 2024, the Court entered another scheduling order, setting the deadline for mandatory mediation for June 20, 2024. (Doc. 47.)

On May 23, 2024, counsel for Cliq, Joshua J. Herndon, sent an email wherein he stated: "As you are probably aware, the Court ordered the parties to complete mediation by June 20, 2024. I am sending this email to meet and confer re the scheduling of mediation, and to see if you have any mediator(s) you would like to propose for our consideration. Please let me know." (*See* Herndon Decl. at ¶ 7, and **Exhibit C** attached thereto.)

On June 11, 2024, at 11:42 AM Pacific Time, Counsel for Sky communicated mediator availability and their rates: "Both of the below mediators are available in next 30 days (I'm still waiting on their exact dates). Please let me know if you have a preference." (*See* Herndon Decl. at ¶ 8, and **Exhibit D** attached thereto.)

On June 11, 2024, at 3:42 PM Pacific Time, Counsel for Cliq reminded Counsel for Sky of the already extended deadline: "Reminder that our deadline is 6/20 [June 20, 2024]." (*See* Herndon Decl. at ¶ 9, and **Exhibit D** attached thereto.)

On June 11, 2024, at 3:43 PM Pacific Time, without inquiring with any mediator regarding availability, and portending further vexation, Counsel for Sky wrote: "Ok. I'll see what his exact dates are. And yes re date but we'll likely have to stipulate to a

MOTION FOR RULE 16 AND 37 SANCTIONS AGAINST PLAINTIFF SKY FINANCIAL INTELLIGENCE LLC AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES

brief extension." (*See* Herndon Decl. at ¶ 10, and **Exhibit D** attached thereto.)

On June 17, 2024, Counsel for Cliq wrote:

[W]e are not agreeable to extending the 6/20/24, deadline for completing mediation in the Sky Financial case. We have been meeting and conferring actively with Steve about the scheduling of that mediation.

(*See* Herndon Decl. at ¶ 11, and **Exhibit E** attached thereto.)

2.      Sky unilaterally cancelled the Second Mediation.

On June 26, 2024, mediation (the "Second Mediation") was to take place before mediator Marc Alexander, which Sky cancelled. (*See* Herndon Decl. at ¶ 12.)

3.      Sky unilaterally cancelled the Third Mediation.

Thereafter, the parties met and conferred about a new mediation date. As a result, the parties scheduled the mediation for a third time (the "Third Mediation"), this time for July 29, 2024. (*See* Herndon Decl. at ¶ 13.)

Sky simply failed to appear for the Third Mediation, without any prior notice. (*See* Herndon Decl. at ¶ 14, and **Exhibit F** attached thereto.)

4.      Sky has succeeded in preventing the Parties from mediation.

After its failure to appear at the Third Mediation, Sky continued to delay mediation, such that it has prevented the Parties from conducting a mediation. (*See* Herndon Decl. at ¶ 15.)

5.      Sky's vexatious litigation strategy has consumed this Court's resources and Cliq's resources.

On June 21, 2024, this Court entered an Order: "After consideration of the Parties' Stipulation to Modify the Order Modifying Scheduling Order 49, and finding GOOD CAUSE therefor, the Court GRANTS the Stipulation as follows: the Mediation Completion Deadline is extended from June 20, 2024 to June 26, 2024." (Doc. 50.) (*See* Herndon Decl. at ¶ 16.)

On July 18, 2024, this Court entered an Order: "After consideration of the Parties' Stipulation 55, and finding GOOD CAUSE therefor, the Court GRANTS the Stipulation as follows: 1) The Mediation Completion Deadline is extended from June

3

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

26, 2024, to July 29, 2024." (Doc. 56.) (*See* Herndon Decl. at ¶ 17.)

On February 26, 2025, this Court entered Minutes of the Status Conference: "Discussion between Court and counsel regarding the rescheduling of the Final Pre-trial Conference, Motions in Limine and Jury Trial. By agreement, the Final Pre-trial Conference and Motions in Limine hearing is continued to May 14, 2025 at 2:00 p.m. The Jury Trial is continued to June 3, 2025 at 9:00 a.m. Mediation must be completed by April 16, 2025." (Doc. 107.) (*See* Herndon Decl. at ¶ 18.)

Due to Sky's vexatious litigation strategy, until today, Cliq has been unable to schedule a mediation.

On February 11, 2026, this Court entered Minutes of the Further Pretrial Conference: "The Court sets the settlement conference/mediation deadline for March 31, 2026. The parties shall contact Magistrate Judge Maria A. Audero and inquire about her availability to conduct a settlement conference. If Judge Audero is not available, the parties shall immediately schedule private mediation." (Doc. 184.) As further detailed below, Sky, yet again, failed to appear because of "work commitments." (*See* Herndon Decl. at ¶ 20.)

**B.** **Sky's Obstinance in Producing the Person Most Knowledgeable (PMK) Has Caused Great Expense to Cliq.**

On November 2, 2023, Cliq served a notice for deposition on Sky, pursuant to Fed. R. Civ. P. 30(b)(6), scheduled to take place on December 12, 2023. Sky failed to appear at this deposition.

On November 2, 2023, Cliq served a notice for deposition on the PMK of Sky, Kenneth Haller, pursuant to Fed. R. Civ. P. 45, scheduled to take place on December 14, 2023. Mr. Haller failed to appear at his deposition.

On April 12, 2024, Cliq served a notice for deposition on Sky, pursuant to Fed. R. Civ. P. 30(b)(6), scheduled to take place on May 30, 2024. Sky failed to appear at this deposition.

On April 12, 2024, Cliq served a notice for deposition on Mr. Haller, pursuant

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

to Fed. R. Civ. P. 45, scheduled to take place on May 29, 2024. Mr. Haller again failed to appear at his deposition.

On August 6, 2024, and again on August 14, 2024, Cliq served a notice for deposition on Sky, pursuant to Fed. R. Civ. P. 30(b)(6), scheduled to take place on August 27, 2024. In this case, Counsel for Sky indicated that Sky Financial would not attend this deposition.

On August 6, 2024, and again on August 14, 2024, Cliq served a notice for deposition on Mr. Haller, pursuant to Fed. R. Civ. P. 30(b)(6), scheduled to take place on August 27, 2024. Counsel for Mr. Haller indicated that Mr. Haller would not attend this deposition.

## C. Sky Failure to Comply with Written Discovery Obligations Has Caused Great Expense to Cliq.

### 1. Sky's vexatious litigation strategy with respect to requests for production of documents caused Cliq to expend unnecessary resources.

On November 16, 2022, this Court entered the Case Management and Scheduling Order, wherein it set October 19, 2023 as the Fact Discovery Cut-Off, and March 19, 2024, as the trial date. (*See* Doc. 22.) Thereafter, on April 21, 2023, Cliq served Sky Financial with the Rule 34 Demands. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 3, and Exhibit 1-1 attached thereto.)

On May 22, 2023, Sky Financial served its response to the Rule 34 Demands. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 4, and Exhibit 1-2 attached thereto.)

On June 6, 2023, Sky Financial served its supplemental response to the Rule 34 Demands (the "Supplemental Response"). (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 5, Exhibit 1-3 attached thereto.) Concurrently with the Supplemental Response, Sky Financial also made a production of discovery consisting of documents marked SKY-000001 to 000053. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

5

5, and Exhibit 1-4 attached thereto.)

In response to the Supplemental Response, Counsel for Cliq addressed a detailed meet and confer letter to Sky's Counsel, dated September 19, 2023. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 6, Exhibit 1-5 thereto.) In his September 19, 2023 letter, Cliq's Counsel requested additional information related to numerous answers in the Supplemental Response, and offered to meet and confer with respect to other answers in the Supplemental Response. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 6, Exhibit 1-5 thereto.)

After no receiving a response to his September 19, 2023, letter, Mr. Herndon sent a follow-up email to Sky' new Counsel, on April 19, 2024:

> Attached hereto are two meet and confer letter I previously sent to one of your predecessors, one which concerns Sky Financial and Intelligence, LLC's First Supplemental Responses to Cliq's Requests for Production, Set One, and the other which concerns Sky Financial and Intelligence, LLC's First Supplemental Responses to Cliq's Interrogatories, Set One. Pursuant to Local Rule 37-1, please let us know your availability for a prefiling conference of counsel between now and Monday, April 29, 2024, so we can discuss the subject matter of the attached letters.

(*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 7, Exhibit 1-6 thereto.)

Sky's Counsel failed to meet and confer as required pursuant to Local Rule 37-1 within ten (10) days of April 19, 2024, and Sky's Counsel failed to respond to the foregoing email. ((See Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 8.)

As a result, on April 29, 2024, Cliq's Counsel served Sky's Counsel with a joint stipulation related to the Supplemental Response, as well as a notice of motion and declaration related thereto (hereinafter collectively, the "Motion Papers"). (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 8, and Exhibit 1-7 attached thereto.) The notice of motion refers to a hearing date of June 5, 2024, because that was the motion cut-off date as of April 29, 2024, and Cliq's Counsel served the Motion Papers on April 29, 2024, because it was necessary to do so for the Parties to have sufficient time to comply with Local Rule 37-1, and for Cliq to give Sky sufficient notice with respect to a motion set for hearing on June 5, 2024. (*See* Doc. 51 (Declaration of Joshua J.

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 2OO
ENCINITAS, CA 92O24
(888) 846-8901

6

Herndon) at ¶ 8, Exhibit 1-7 thereto.)

In response, Sky's Counsel sent Cliq's Counsel an email on April 29, 2024, wherein he alleged the Motion Papers were premature because the Parties had not met and conferred pursuant to the local rules. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 9, and Exhibit 1-7 attached thereto.)

In response, Cliq's Counsel sent Sky's Counsel an email wherein he disagreed that the Motion Papers were premature, but also did not rule out the possibility of withdrawing the Motion Papers to see if they could resolve the dispute informally. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 9, and Exhibit 1-7 attached thereto.) However, Cliq's Counsel made it clear that in order to do that, the parties would need to stipulate to an extension of the motion cutoff so that they would have time to re-file the motions, obtain a new hearing date, and provide sufficient notice of the refiled motions if that becomes necessary. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 9, Exhibit 1-7 thereto.) Related thereto, Cliq's Counsel asked Sky's Counsel if he were agreeable to a 60-day extension of the motion cut-off date, to which he was. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 9, Exhibit 1-7 thereto.)

On May 3, 2024, the Court entered the Order Granting Stipulation to Modify Scheduling Order, which extended the Substantive Motion Cutoff date to August 6, 2024. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 10, and Document 48.)

On June 17, 2024, Cliq's Counsel sent Sky's Counsel an email to which he attached the Motion Papers, and wherein he stated:

> I am sending this email to schedule a meet and confer call with you to discuss the subject matter of the attached items. As you'll recall, we previously served you with the attached items in anticipation of a motion to compel that would be heard on June 5, 2024. However, rather than proceeding with a motion to compel at that time, we instead agreed to an extension of the motion cut-off date to August 6, 2024, which the Court authorized.

> I would like to schedule a meet and confer call with you before the end of this week to discuss the attached items. Although I would prefer to resolve the dispute without a motion, we will need to proceed under Local Rule 37 in very short order if we cannot.

MOTION FOR RULE 16 AND 37 SANCTIONS AGAINST PLAINTIFF SKY FINANCIAL INTELLIGENCE LLC AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

Please let me know your availability for a call before the end of this week and I will check my calendar."

(*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 11, and Exhibit 1-8 attached thereto.)

Sky's Counsel never responded to Cliq's Counsel's June 17, 2024, email correspondence. (*See* Doc. 51 (Declaration of Joshua J. Herndon) at ¶ 12.)

As a result of Sky's failure to meet and confer in good faith, Cliq was forced to file the file the a motion to compel further responses to Rule 34 demands.

2.    This Court granted Cliq's motion to compel further responses to its requests for production, with respect to compelling further responses from Sky.

The Court ruled: "The Motion is GRANTED. The Court ORDERS Plaintiff to provide further responses to each of the RFPs as requested in the Motion by no later than August 21, 2024, or a date mutually agreed to by the parties. Defendant's request for reasonable expenses, however, is denied as Defendant fails to attach the evidence it relies on in support of that request to the Motion." (Doc. 89.)

3.    Sky's failure to meet and confer in good faith is indicative of a broader patten of disrespect to this Court, judicial proceedings, and Cliq's resources.

Cliq communicates the foregoing, because Sky's actions regarding mediation and discovery are indicative of a history of bad faith behavior in this case.

**D.    Sky's Most Recent Violation: Sky Fails to Appear for Mandatory Settlement Conference Because It Has "Prior Work Commitments."**

On March 3, 2025, this Court entered Minutes continuing the settlement conference deadline: "On February 26, 2025, a Status Conference was held. The following dates are CONTINUED: Last Day to Conduct Settlement Proceedings: 4/16/2025 and Motions in Limine Hearing: 5/14/2025 at 2:00PM." (Doc. 108.)

On February 11, 2026, after a further pretrial conference, the Court entered an

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

8

MOTION FOR RULE 16 AND 37 SANCTIONS AGAINST PLAINTIFF SKY FINANCIAL INTELLIGENCE LLC AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES

order: "The Court sets the settlement conference/mediation deadline for March 31, 2026.[1] The parties shall contact Magistrate Judge Maria A. Audero and inquire about her availability to conduct a settlement conference. If Judge Audero is not available, the parties shall immediately schedule private mediation." (Doc. 184.)

On February 11, 2026, that same day, at 6:14 PM Pacific Time, Cliq's Counsel emailed Courtroom Deputy, Marina Moreno-Carrillo ("Ms. Moreno-Carillo") of the Court of the Honorable Maria A. Audero, U.S. Magistrate Judge for the United States District Court, Central District of California, regarding dates of availability for the Settlement Conference. (*See* Herndon Decl. at ¶ 21, and **Exhibit G** attached thereto.)

On February 19, 2026, Ms. Moreno-Carillo provided multiple dates of availability for the Settlement Conference. (*See* Herndon Decl. at ¶ 23, and **Exhibit G** attached thereto.)

On February 19, 2026, that same day, Sky responded: "Plaintiff confirms its availability. Thank you." (*See* Herndon Decl. at ¶ 24, and **Exhibit G** attached thereto.)

On February 20, 2025, Sky confirmed: "All parties and counsel have confirmed their availability for the Settlement Conference currently set for Friday, March 27, 2026." (*See* Herndon Decl. at ¶ 25, and **Exhibit G** attached thereto.)

On February 25, 2026, this Court issued an Order setting the Organizational Call for March 4, 2026, at 10:00 AM via Zoom. (Doc. 185.)

On February 25, 2026, that same day, this Court issued an Order setting the Settlement Conference for March 27, 2026, at 9:00 AM, in Courtroom 880 of the Edward R. Royal Federal Building and U.S. Courthouse, located at 255 Temple Street, Los Angeles, California. (Doc. 186.)

On March 4, 2026, the Organizational Call proceeded as scheduled via Zoom. Attorneys Uyen Nguyen and Oliver Griffin appeared for Sky, and attorney James C.

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

---

[1] Sky's actions required the Court to extend not only the mandatory settlement conference deadline, but also mediation on *three previous occasions*, which mediation has still yet to occur. (*See* Section II.A of this Motion.)

9

Huber appeared for Cliq. The Court issued a Minute Order following the conference. (Doc. 187.)

On March 18, 2026, Ms. Moreno-Carillo emailed counsel requesting confirmation of the individuals who would attend the Settlement Conference.

On March 18, 2026, that same day, Cliq timely confirmed its attendees.

On March 19, 2026, Sky's Counsel responded, stating: "[W]e would prefer/elect to use 3/27/26 as a day for trial prep instead of a mediation." (*See* Herndon Decl. at ¶ 32, and **Exhibit H** attached thereto.)

Following further exchanges between counsel, Ms. Moreno-Carillo confirmed that the Settlement Conference would proceed as scheduled.

On March 25, 2026, an Order was filed, which was entered on March 26, 2026, which provides:

- On the first page, "A Settlement Conference will be held before Judge Audero on **March 27, 2026 at 9:00 a.m.** The Settlement Conference will be conducted **in person** in Courtroom 880 of the Edward R. Roybal Federal Building and United States Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012." (Doc. 197.)

- "The Court requires the following individuals present at the Settlement Conference: (a) all counsel who will try the case; and (b) on behalf of each party, a representative with full settlement authority who can settle the case during the course of the Settlement Conference. Any violation of this requirement may cause the Court to cancel the Settlement Conference. In addition, counsel and/or the party who violate this Order may be subject to sanctions.

  o a. Ken Haller, Principal of Plaintiff Sky Financial and Intelligence LLC ("Plaintiff") is **ORDERED** to appear **in person**, as representative of Plaintiff, with full settlement authority to authorize dismissal of the case with prejudice should the parties

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

10

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

reach a settlement.  Plaintiff will be represented by attorneys Oliver Griffin and Uyen Nguyen, both of whom shall appear **in person**." (Doc. 197.)

Additionally, the Order states: "The Court notes that, despite the discussion of the parties with Judge Audero at the Organization Call, Plaintiff's counsel advised on March 25, 2026, that Plaintiff [Sky] unilaterally has decided to not appear in person and instead appear via Zoom. **This is not authorized by the Court** – Plaintiff is expected to appear **in person** as **ORDERED** at the Organizational Call of March 4, 2026." (Doc. 197.)

On March 27, 2026, the Settlement Conference proceeded as scheduled; however, Kenneth Haller failed to appear in direct violation of the Court's Order.

This Court stated: "This is not acceptable. All parties were, and are, ordered to appear in person and Plaintiff is expected to appear in person this Friday as ordered." (*See* Herndon Decl. at ¶ 38, and **Exhibit H** attached thereto.)

The Honorable Maria A. Audero ruled: "Accordingly, Plaintiff is ORDERED TO SHOW CAUSE at the upcoming Final Pretrial Conference before Magistrate Judge Autumn D. Spaeth, the judge presiding over the case, why it should not be sanctioned for its failure to attend the Settlement Conference." (Doc. 200.)

## III.    LEGAL AUTHORITY

### A.    U.S. Statute

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

"(1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

MOTION FOR RULE 16 AND 37 SANCTIONS AGAINST PLAINTIFF SKY FINANCIAL INTELLIGENCE LLC AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or

(C) fails to obey a scheduling or other pretrial order.

(2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." (Fed. R. Civ. P. 16(f).)

### B.   Fed. R. Civ. Proc.

"(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) *For Not Producing a Person for Examination.* If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)—(vi), unless the disobedient party shows that it cannot produce the other person.

MOTION FOR RULE 16 AND 37 SANCTIONS AGAINST PLAINTIFF SKY FINANCIAL INTELLIGENCE LLC AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Fed. R. Civ. P. 37(b)(2).)

### C.   9th Circuit Caselaw

A district court has the authority under FRCP 16(f) to impose sanctions for even unintentional or negligent noncompliance with the court's pretrial orders. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) ("The district court imposed sanctions when Stanley Lucas, President of Lucas Automotive, failed to attend a mediation session. Lucas Automotive claims that Lucas missed the session because he was suffering from an incapacitating headache, and that his failure to appear was not intentional. [¶]However, inasmuch as Lucas did not notify the parties beforehand of his nonappearance, the district court's imposition of sanctions pursuant to Fed. R. Civ. P. 16 and the local rules for the Central District of California was appropriate."); *see also Ayers v. City of Richmond*, 895 F.2d 1267 (9th Cir. 1990) (upholding a district court's sanctions under Rule 16(f) where counsel failed to appear for a settlement conference because the date "slipped by him"); *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) ("a district court has the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith. A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith. Either supports the imposition of sanctions.").

### D.   United States District Court for the Central District of California

*See* NINE STARS GROUP (U.S.A.) INC., Plaintiff, v. FACTORY DIRECT WHOLESALE, LLC, et al., Defendant., 2020 WL 2316197 (C.D.Cal.) ("Because Rule 16(f) is designed to assure compliance with Rule 16 procedures, it need not be shown that the party to be sanctioned was acting recklessly or in bad faith; negligent failure to comply with Rule 16 justifies imposition of appropriate sanctions.").

13

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

**GLOBAL LEGAL LAW FIRM**
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

### E.    Local Rules

"Sanctions - Violation of Rule.  The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:

(a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;

(b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order;

(c) and/or for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances." (L.R. 83-7.)

"Vexatious Litigants L.R. 83-8.1  Policy.  It is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation.  It is the intent of this rule to augment the inherent power of the Court to control vexatious litigation and nothing in this rule shall be construed to limit the Court's inherent power in that regard." (L.R. 83-8.)

"Final Pretrial Conference Order.  A Final Pretrial Conference Order shall be prepared by plaintiff's counsel and signed by all counsel.  It is the duty of all counsel to cooperate with plaintiff's counsel in the preparation and submission of the Final Pretrial Conference Order as required by this rule.  Failure of counsel to comply shall subject counsel to the sanctions provided by L.R. 83-7 and 28 U.S.C. § 1927." (L.R. 16-7.)

### F.    Caselaw Re Terminating Sanctions

#### 1.    The first two dismissal factors

"The first two dismissal factors are the public interest in expeditious resolution of litigation and the trial court's interest in docket control." (*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).)

14
MOTION FOR RULE 16 AND 37 SANCTIONS AGAINST PLAINTIFF SKY FINANCIAL INTELLIGENCE LLC AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

### 2.   Prejudice to defendant

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." (*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).)

### 3.   Consideration of less drastic alternatives

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir.1986). [footnote omitted.] Our case law reveals that the following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?

(*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987).)

## IV.   ARGUMENT

### A.   Attorneys' Fees

Here, as a direct result of Sky's refusal to attend mediation, Cliq is entitled to attorneys' fees, in an amount subject to further briefing.

Here, as a direct result of Sky's obstinance in producing its PMK, Cliq is entitled to attorneys' fees, in an amount subject to further briefing.

Here, as a direct result of Sky's failure to attend the Settlement Conference, Cliq is entitled to attorneys' fees, in an amount subject to further briefing.

### B.   Re Failure to Appear at Settlement Conference

Despite explicit direction from the Court requiring in-person attendance, and clear warning that noncompliance could result in sanctions, Sky and Mr. Griffin unilaterally chose to disregard the Court's authority. This conduct wasted judicial resources and caused Sky to incur unnecessary time and expense in preparing for and

15

attending a Settlement Conference that Plaintiff had no intention of meaningfully participating in.

Here, Rule 16(f) authorizes sanctions because Sky failed to appear at a court-ordered settlement conference, failed to participate in good faith, and disobeyed the Court's express Order.

Here, the violation was willful, not accidental, because Sky confirmed its availability, participated in the organizational call, later stated that it would "prefer/elect to use 3/27/26 as a day for trial prep instead of a mediation."

Here, Ninth Circuit authority confirms that sanctions are proper for nonappearance at a settlement proceeding, and Sky's conduct is more serious than the conduct sanctioned in *Lucas*, *supra*.

### C.    Re Pattern of Bad Faith Conduct

Here, Sky's and its Counsel's, Oliver D. Griffin ("Mr. Griffin"): (i) failure to attend Court-ordered mediation on at least three occasions and continuing failure to attend Court-ordered mediation; (ii) obstinance in producing its PMK; (iii) provide discovery absent a motion to compel; and (iv) failure to attend the Settlement conference in direct violation of this Court's order, constitutes the type of willful, grossly negligent, and reckless conduct that would require the imposition of sanctions on the parties as well as their counsel.

Here, sanctions are warranted for Cliq and Mr. Griffin's respective repeated disrespect for this Court, judicial proceedings, and Cliq's resources.

Here, Sky's March 27, 2026 nonappearance was part of a larger pattern of bad-faith conduct, including repeated cancellation or nonappearance at mediations, repeated failure to produce its PMK and Mr. Haller for deposition, failure to cooperate in discovery, and conduct that already forced Cliq to expend substantial resources and seek court intervention.

Here, because lesser measures have already failed to secure compliance, the Court should impose terminating sanctions or, alternatively, monetary sanctions to

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

16

deter further misconduct and protect the integrity of these proceedings.

## V.    PRAYER FOR RELIEF

Cliq respectfully requests that the Court impose terminating sanctions or, in the alternative, monetary sanctions sufficient to compensate Cliq for its attorneys' fees and costs incurred in connection with the Settlement Conference and this Motion, and grant such further relief as the Court deems just and appropriate.

Dated:  March 27, 2026                    **GLOBAL LEGAL LAW FIRM**


By:   */s/ Joshua J. Herndon*
        James C. Huber
        Joshua J. Herndon
        Attorneys for Defendant,
        CLIQ, INC.

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

17

Sky Financial and Intelligence, LLC v. Cliq, Inc.
United States District Court, Central District of California, Case No. 8:22-cv-1670-ADS

## CERTIFICATE OF COMPLIANCE

I, JAMES C. HUBER, counsel of record for Defendant CLIQ, INC., hereby certifies that this **MOTION FOR RULE 16 AND 37 SANCTIONS AGAINST PLAINTIFF SKY FINANCIAL INTELLIGENCE LLC AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES** contains 5270, which complies with the word limit of L.R. 11-6.1.

Dated:  March 27, 2026                    **GLOBAL LEGAL LAW FIRM**


By:  */s/ James C. Huber*
         James C. Huber
         Joshua J. Herndon
         Attorneys for Defendant,
         CLIQ, INC.


## CERTIFICATE OF SERVICE

I, JAMES C. HUBER, hereby certify that on March 27, 2026, I caused to be electronically filed NOTICE OF MOTION AND MOTION FOR RULE 16 AND 37 SANCTIONS AGAINST PLAINTIFF SKY FINANCIAL INTELLIGENCE LLC AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES, with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

Dated:  March 27, 2026            By:    */s/ James C. Huber*
                                                James C. Huber

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD, SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

18
CERTIFICATE OF SERVICE